Jennifer M. Kurtz, Esq.
The Law Office of Jennifer M. Kurtz
540 Old Bridge Turnpike
South River, NJ 08882
Phone:  (732) 390-5262
Fax:  (732) 390-2162

*Of Counsel*
Peter Cozmyk, Esq.
Krohn & Moss, Ltd.
8043 Corporate Circle, Suite 3
North Royalton, Ohio 44133
Phone: (323) 988-2400 x 213
Fax: (855) 799-3206
pcozmyk@consumerlawcenter.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Robert Benkelman, | **:** | |
| Plaintiff, | **:** | Civil Case No.: |
| vs. | **:** | |
| Zenith Acquisition Corporation, | **:** | |
| Defendant. | **:** | |

## **VERIFIED COMPLAINT**

Plaintiff, Robert Benkelman (Plaintiff), through his attorneys, Krohn & Moss, LTD., alleges the following against Defendant, Zenith Acquisition Corporation (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## PARTIES

2. Plaintiff is a natural person residing in Elizabeth, Union County, New Jersey.

3. Defendant is a collection agency with a principal place of business located in Amherst, New York.

4. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

5. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the state of New Jersey, and therefore, personal jurisdiction is established.

9. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## FACTUAL ALLEGATIONS

10. On or around March 1, 2011, Plaintiff mailed a cease and desist letter to Defendant via certified mail.

11. On or around March 4, 2011, Defendant received and signed for Plaintiff's cease and desist letter.

12. On March 12, 2011 at 12:26 pm Plaintiff received a telephone call from Defendant after receiving Plaintiff's cease and desist letter.

13. On March 14, 2011 at 8:22 am Plaintiff received a telephone call from Defendant after receiving Plaintiff's cease and desist letter.

14. On March 15, 2011 around 8:00 pm Plaintiff received a telephone call from Defendant after receiving Plaintiff's cease and desist letter.

15. On March 16, 2011 around 4:30 pm Plaintiff received a telephone call from Defendant after receiving Plaintiff's cease and desist letter.

16. On March 17, 2011 at 4:39 pm Plaintiff received a telephone call from Defendant after receiving Plaintiff's cease and desist letter.

17. On March 18, 2011 around 8:20 am Plaintiff received a telephone call from Defendant after receiving Plaintiff's cease and desist letter.

18. On March 21, 2011 around 8:20 am Plaintiff received a telephone call from Defendant after receiving Plaintiff's cease and desist letter.

19. Defendant placed telephone calls to Plaintiff and failed to provide meaningful disclosure of the caller's identity as Defendant did not state its company name.

20. Defendant placed telephone calls to Plaintiff and failed to identify itself as a debt collector as Defendant did not indicate that it was an attempt to collector a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a) Defendant violated §*1692c(c )*of the FDCPA by contacting Plaintiff after he sent a cease and desist letter;

    b) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity; and

    c) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

Wherefore, Plaintiff, Robert Benkelman, respectfully requests judgment be entered against Zenith Acquisition Corporation, for the following:

22. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692;* and

24. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Robert Benkelman, demands a jury trial in this cause of action.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, I certify that this matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceeding.

DATED:  September 2, 2011        KROHN & MOSS, LTD.

                                    By: _/s/ Jennifer M. Kurtz_____
                                          Jennifer M. Kurtz, Esq.
                                          Attorney for Plaintiff

## VERIFICATION

(STATE OF NEW JERSEY)

Plaintiff, Robert Benkelman, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Robert Benkelman, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: August 26, 2011

Robert Benkelman